Glorymir **GONZALEZ–CARATINI**,
Plaintiff,

v.

Juan Carlos **GARCIA–PADILLA**,
et al., Defendants.

No. CIV. 02–1016(RLA).

United States District Court,
D. Puerto Rico.

Aug. 6, 2003.

As Amended Nunc Pro Tunc
Aug. 27, 2003.

**190**

Francisco R. González–Colón, Esq., San Juan, PR, for Plaintiff.

Johanna M. Emmanuelli–Huertas, Esq., Jorge Martínez–Luciano, Esq., Pedro Ortiz Alvarez Law Offices, Ponce, PR, María L. Santiago–De–Vidal, Esq., Department of Justice, Federal Litigation Division, San Juan, PR, for Defendants.

1.  The Order issued on August 6, 2003 is hereby amended *nunc pro tunc* to correctly identify the political affiliation of the parties.

2.  ASCIFAL is the acronym in Spanish for "Area Sur Central para la Inversión en la Fuerza Laboral".

3.  The municipalities forming part of ASCIFAL are: Salinas, Juana Díaz, Coamo, Naranjito, Barranquitas and Santa Isabel.

## AMENDED[1] ORDER IN THE MATTER OF DEFENDANTS' MOTION TO DISMISS

ACOSTA, District Judge.

Plaintiff is former Coamo Local Director of ASCIFAL, a South–Central Consortium[2] composed of various municipalities[3] organized for providing employment and training opportunities in their municipalities. She instituted this action under 42 U.S.C. § 1983 claiming termination of her employment due to political patronage.

Defendants JUAN CARLOS–GARCIA PADILLA ("GARCIA–PADILLA"), MARTA ORTIZ (ORTIZ) and the MUNICIPALITY OF COAMO have moved for dismissal of the complaint pursuant to Rule 12(b)(6) Fed.R.Civ.P.

In essence, defendants contend that no action lies against the MUNICIPALITY OF COAMO or its mayor because plaintiff was not a municipal employee and the conduct alleged in the complaint took place prior to GARCIA–PADILLA being sworn in as mayor.[4]

The court having reviewed defendants' arguments as well as plaintiff's opposition thereto hereby rules as follows.

## THE FACTS

The South–Central Consortium is an entity established under the Job Training Partnership Act ("JTPA") and currently operating under the Workforce Investment Act of 1998 ("WIA") 29 U.S.C. §§ 2801–

4.  The arguments presented by defendants regarding ORTIZ are essentially relevant to the fact that her actions were not binding on the Municipality inasmuch as "she was not an official of the Municipality but rather an official of a agency fully funded with federal monies". Reply... at 4 (docket No. 23).

2945. The purpose of WIA "is to provide workforce investment systems, that increase the employment, retention, and earnings of participants, and increase occupational skill attainment by participants, and, as a result, improve the quality of the workforce, [and] reduce welfare dependency. . . . " 29 U.S.C. § 2811.

Pursuant to 29 U.S.C. § 2841 "one stop delivery systems" may be established as part of the program whereby the services provided in accordance with the statute are made available to participants in a single location. The Coamo Regional Office operates as a one-stop delivery system and is one of a number of these centers operating in the area served by the Consortium.

The Board of Mayors, composed of the mayors of each of the six municipalities included in the South–Central Region serves as the Local Board for the Consortium.

GARCIA–PADILLA is being sued both in his personal capacity and in his official capacity as the Mayor of Coamo. Codefendant MARTA ORTIZ, the current Coamo Consortium Coordinator is also being sued in her official and personal capacities.

According to the complaint plaintiff and codefendants belong to opposing political parties. Both GARCIA–PADILLA and ORTIZ are members of the NPP party which promotes statehood whereas plaintiff has been an active PDP supporter which favors Commonwealth status.

Plaintiff, who had been an aide to the former Coamo mayor—a PDP member— as well as PDP electoral commissioner in 2000, contends that she had been the victim of a discrediting crusade by the NPP during the campaign period for the November 2000 elections and that prior to his election GARCIA–PADILLA had vowed to get rid of her.

Plaintiff alleges that on **December 4, 2000**, prior to GARCIA–PADILLA being sworn as mayor, codefendant MARTA ORTIZ came to plaintiff's office "to get her out of the office, telling [plaintiff] that nobody wanted her, that the Mayor didn't want her, that there was no way that office could have two Directors at the same time and [ORTIZ] was there to be the new Director". Complaint ¶ 13

Plaintiff claims she became so distraught as a result of the aforementioned confrontation that she left work sick and subsequently had a miscarriage.

CARLOS E. TEXIDOR–GARCIA, Acting Human Resources Director of ASCIFAL notified plaintiff in writing "as terminated on **January 9, 2001**; and officially terminated on (sic) a written letter signed by DIMAS A. TORRES–SANCHEZ (Director of ASCIFAL) on **January 24, 2001**" explaining that she held a position of "trust". Complaint ¶ 5.

Plaintiff claims she was forced out of her position due to her political affiliation and beliefs and that GARCIA–PADILLA was the "moving force" behind codefendant ORTIZ's actions against her.

She further contends that GARCIA–PADILLA "approved and ratified" ORTIZ taking over the position of Coamo Local ASCIFAL Director after he was sworn in as mayor.

Plaintiff prays for reinstatement to the Local Director position as well as economic and punitive damages.

## MOTION TO DISMISS/SUMMARY JUDGMENT

Plaintiff having submitted two statements under penalty of perjury in support of her opposition, defendants' motion to dismiss was thus converted into a sum-

mary judgment request as provided for in Rule 12(b) Fed.R.Civ.P. *Santiago v. Canon U.S.A., Inc.,* 138 F.3d 1, 3 (1st Cir.1998).

Rule 56(c) of the Federal Rules of Civil Procedure sets forth the standard for ruling on summary judgment motions. *See Sands v. Ridefilm Corp.,* 212 F.3d 657, 660–61 (1st Cir.2000). The party seeking summary judgment must first demonstrate the absence of a genuine issue of material fact in the record. *DeNovellis v. Shalala,* 124 F.3d 298, 306 (1st Cir.1997). A genuine issue exists if there is sufficient evidence supporting the claimed factual disputes to require a trial. *Morris v. Gov't Dev. Bank of Puerto Rico,* 27 F.3d 746, 748 (1st Cir.1994); *LeBlanc v. Great Am. Ins. Co.,* 6 F.3d 836, 841 (1st Cir.1993), *cert. denied,* 511 U.S. 1018, 114 S.Ct. 1398, 128 L.Ed.2d 72 (1994). A fact is material if it might affect the outcome of a lawsuit under the governing law. *Morrissey v. Boston Five Cents Sav. Bank,* 54 F.3d 27, 31 (1st Cir.1995).

In cases where the non-movant party bears the ultimate burden of proof, he must present definite and competent evidence to rebut a motion for summary judgment, *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 256–257, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Navarro v. Pfizer Corp.,* 261 F.3d 90, 94 (1st Cir.2001); *Grant's Dairy v. Comm'r of Maine Dep't of Agric.,* 232 F.3d 8, 14 (1st Cir.2000), and cannot rely upon "conclusory allegations, improbable inferences, and unsupported speculation". *Lopez–Carrasquillo v. Rubianes,* 230 F.3d 409, 412 (1st Cir.2000); *Maldonado–Denis v. Castillo–Rodriguez,* 23 F.3d 576, 581 (1st Cir.1994); *Medina–Munoz v. R.J. Reynolds Tobacco Co.,* 896 F.2d 5, 8 (1st Cir.1990).

## ISSUES

Defendants claim the Municipality of Coamo is not responsible for plaintiff's ter-mination because she was an employee of the Consortium not a municipal employee. They further contend that the events charged in the complaint were not taken under color of state law because GARCIA–PADILLA had not yet officially taken office.

Thus, there are essentially two issues presented in defendants' motion to dismiss: (1) whether the mayor was acting in his capacity as such or as a member of the Board of Mayors when he purportedly caused plaintiff's termination and (2) whether the fact that GARCIA–PADILLA had not yet been sworn in was bereft of any legal authority.

## SECTION 1983

The complaint charges violation of 42 U.S.C. § 1983 which reads:

> Every person who, under color of any statute, ordinance, regulation, custom or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proceeding for redress.

In order to prevail in a § 1983 claim plaintiff must bring forth evidence that (1) defendant acted "under color of state law" and (2) deprivation of a federally protected right. *Rogan v. City of Boston,* 267 F.3d 24 (1st Cir.2001); *DiMarco–Zappa v. Cabanillas,* 238 F.3d 25, 33 (1st Cir.2001); *Collins v. Nuzzo,* 244 F.3d 246 (1st Cir. 2001); *Barreto–Rivera v. Medina–Vargas,* 168 F.3d 42, 45 (1st Cir.1999).

### Mayor/Municipality

Municipal entities are deemed "persons" within the meaning of § 1983, *Monell v. Dep't of Social Serv.,* 436 U.S.

658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978) and are therefore, subject to liability for violations of this statute. However, municipal liability may not be based on *respondeat superior* principles. Rather, it is only when municipal employees are acting pursuant to a municipal "policy" or "custom" which results in a deprivation of federally protected rights that liability attaches. A municipal "policy" or "custom" may be established by evidence that the deprivations were the result of: (1) a formally adopted rule or policy, (2) a pattern of unconstitutional conduct which suggests a custom or usage, or (3) the acts or omissions of an officer with final policy-making authority. *Kelley v. LaForce*, 288 F.3d 1, 9 (1st Cir.2002); *Silva v. Worden*, 130 F.3d 26, 30–31 (1st Cir.1997).

"[A]ctions of the Mayor constitute[ ] the official policy of the municipality". *Cordero v. De Jesus–Mendez*, 867 F.2d 1, 7 (1st Cir.1989); *Saldana–Sanchez. v. Lopez–Gerena*, 256 F.3d 1, 9 n. 15 (1st Cir.2001). A suit against a mayor in his official capacity "is for all practical purposes solely against the Municipality." *Andino–Pastrana v. Municipio De San Juan*, 215 F.3d 179, 180 (1st Cir.2000). "[I]f there is a judgment against [the mayor] in his official capacity, it runs against [the municipality] itself." *Saldana–Sanchez. v. Lopez–Gerena*, 256 F.3d at 9.

### Municipality v. Consortium

Defendants contend that it is the Board of Mayors in charge of the Consortium which determines its policies and not the Municipality. Specifically, they state that the Consortium and its governing board "are distinct and separate entities from the Municipality" and that "[t]he Municipality of Coamo and its officers had nothing to do with the employment decisions undertaken by plaintiff's employer, the Southcentral Consortium." They further argue that "[t]he mere fact that the Mayor of Coamo is one of the 6 members of the Consortium's Board of Mayors is not nearly enough to bring forth sec.1983 liability upon the Municipality," Motion to Dismiss pp. 6–7 (docket No. 21), and "[a]s a matter of law the Municipality of Coamo cannot be held liable for the personnel actions of non-Municipal entities because it does not actually cause the deprivation". Reply... at 3 (docket No. 23)

Plaintiffs defend by arguing that the Municipality is liable because the mayor is the person with "the power by usage and custom to decide" who would fill the position held by plaintiff, Second Answer... at 2 (docket No. 24) and that "ASCIFAL, at least as to the designation ·of the Local Directors, act[s] as an alter ego to (sic) the Mayors." Second Answer... at 9–10 (docket No. 24).

In support of their argument plaintiff submitted the declaration of MARGARITA NOLASCO, Coamo's former mayor, who indicated that:

1. It was the usage and custom, that in the Consorcio the mayors had decisional power and would select the Director or Coordinator of our Municipality. I recommended [plaintiff].

2. The underwritten [sic] rule in Consorcio was that the Mayor designates the Local Coordinator or Director.

The statement supplied by plaintiff merely points to the custom of having the mayors fill in the positions of local director for their respective municipalities.[5] How-

---

**5.** Apparently this has been the generalized practice in other consortiums as well. *See Pagan–Cuebas v. Vera–Monroig*, 91 F.Supp.2d 464, 468 (D.P.R.2000) (the mayor of Arecibo, of the North–Central Consortium, "testified that after the 1996 elections, the [Consor-

ever, whether this determination was made by them as members of the governing board or in their capacity as mayors is unknown.

Even though the acts or omissions of GARCIA–PADILLA as mayor bind the Municipality of Coamo under § 1983, the issue remains as to which specific role GARCIA–PADILLA was acting under when he purportedly caused plaintiff's termination from employment. The Municipality's potential liability in this case hinges on the answer to this question.

### Under Color of Law

The essence of plaintiff's complaint is the **December 4, 2000** incident whereby she felt pressured by codefendant ORTIZ to abandon her position. It is uncontested that at this particular juncture GARCIA–PADILLA was not yet officially in office but was merely an incumbent to the position.

To state an actionable claim under § 1983 plaintiff must show that the constitutional deprivation was brought about by GARCIA–PADILLA "acting under color of state law". *See Zambrana–Marrero v. Suarez–Cruz,* 172 F.3d 122, 125 (1st Cir. 1999) ("Establishing that the defendant acted 'under color of state law' is one of two essential requirements for an action under section 1983, which imposes liability only for conduct attributable to the state.")

The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.

tium's] Board agreed that each mayor would name the local coordinator in his or her local

*West v. Atkins,* 487 U.S. 42, 49, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988) (citation and internal quotation marks omitted).

In general, section 1983 is not implicated unless a state actor's conduct occurs in the course of performing an actual or apparent duty of his office, or unless the conduct is such that the actor could not have behaved in that way but for the authority of his office.

*Martinez v. Colon,* 54 F.3d 980, 986 (1st Cir.1995).

At this stage of the proceedings the controversy is centered on whether the Municipality is the proper party defendant and whether conduct by its mayor-elect constitutes "state action" for purposes of section 1983.

Prior to being sworn in as mayor GARCIA–PADILLA "possessed no power by virtue of state law to misuse" *Carlos v. Santos,* 123 F.3d 61, 65 (2nd Cir.1997). Hence, he was acting strictly as a private individual at the time.

This ruling, however, does not completely dispose of the municipal liability issue since there are allegations made in the complaint regarding post-swearing conduct. Plaintiff claims that GARCIA–PADILLA "approved and ratified" ORTIZ as Local Director after he took office. Complaint ¶ 14. Thus, assuming that plaintiff can establish that GARCIA–PADILLA's role in this case was in his capacity as mayor and not as member of the Board of Mayors, he would be subject to § 1983 liability—together with the Municipality of Coamo—for acts constituting political discrimination subsequent to him formally taking over the position.

office.")

## INDISPENSABLE PARTY

Defendants argue that ASCIFAL, as plaintiff's employer, is an indispensable party. Fed.R.Civ.P. Rule 19(a)(1) provides that indispensable parties are those as to which in their "absence complete relief cannot be accorded." In this case plaintiff seeks both pecuniary and equitable relief, i.e., reinstatement to her former position. Assuming municipal liability, plaintiff may obtain a judgment for damages without the need of including ASCIFAL as a party to these proceedings.

■ However, because plaintiff was an employee of ASCIFAL where she held the position of Local Office Director her demand for reinstatement can only be addressed to her former employer[6] who is not a named defendant in this case. Accordingly, her claim for reinstatement is hereby **DISMISSED**.

## CONCLUSION

■ Based on the foregoing, except for the dismissal of the claim for reinstatement, we find that issues of material fact preclude dismissal of the claims asserted against the GARCIA–PADILLA and the Municipality of Coamo.

Accordingly, except for the dismissal of plaintiff's claim for reinstatement, ·defendants' Motion to Dismiss (docket No. 21) is **DENIED**.[7]

IT IS SO ORDERED.

---

**6.** Plaintiff concedes as much. In opposition to defendant's motion to dismiss she indicated that "if Plaintiff is found to be **restituted [sic] in her position, ASCIFAL would become an indispensable party.**" Second Answer... at 2 (docket No. 24) (emphasis ours).

**7.** *See also* Answer to Defendants' Motion... (docket No. 22); Reply... (docket No. 23) and Second Answer... (docket No. 24).