Ana **TORRES RAMOS,**
et al., Plaintiffs,

v.

**CONSORCIO DE LA MONTAÑA,**
et al., Defendants.

Civ. No. 02–1829(HL).

United States District Court,
D. Puerto Rico.

Sept. 24, 2003.

Ivette De–Luna–Colon, Nieves Cassas, De Luna & Feria Cestero, San Juan, PR, for plaintiffs.

Ivan M. Castro–Ortiz, Eliezer Aldarondo–Ortiz, Aldarondo & Lopez Bras, Hato Rey, PR, for defendants.

## OPINION AND ORDER

LAFFITTE, Chief Judge.

Before the Court is Defendants' unopposed Motion to Dismiss for Lack of Jurisdiction (See Dkt. 14). On May 31, 2002, Plaintiff Ana Torres Ramos ("Ramos") brought suit against El Consorcio de la Montaña (the "Consortium"), the municipalities of Cidra, Aguas Buenas, Corozal, Orocovis, Villalba, their respective Mayors, and Roberto Ramos Bocachica, the Executive Director of the Consortium. Plaintiff bring this action under 42 U.S.C. § 1983, alleging deprivations under the First, Fifth and Fourteenth amendments of the U.S. Constitution, and the Age Discrimination in Employment Act of 1967, ("ADEA"). Plaintiff alleges that she was the victim of political harassment and was terminated from her employment as a result of political discrimination. Plaintiff Ramos also invokes the Court's supplemental jurisdiction for claims arising under the laws of Puerto Rico. Defendants move to dismiss for lack of subject-matter jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1). They argue that the Workforce Investment Act ("WIA"), 29 U.S.C. §§ 2801–2945, precludes § 1983 claims because it provides an exclusive administrative procedure for discrimination claims under the Act. For the reasons discussed below, the Court **DENIES** Defendants' motion to dismiss.

## I  FACTS

The Consorcio de la Montaña ("Mountain Consortium") is a public corporation formed by the Municipalities of Cidra, Aguas Buenas, Corozal, Orocovis and Villalba. The Consortium is run by a Board of Directors constituted by the mayors of the these municipalities. It is an entity established under the Job Training Partnership Act ("JTPA") and currently operating under the Workforce Investment Act of 1998 ("WIA") 29 U.S.C. §§ 2801–2945. The purpose of WIA "is to provide workforce investment systems, that increase the employment, retention, and earnings of participants, and increase occupational skill attainment by participants, and, as a result, improve the quality of the workforce, [and] reduce welfare dependency . . . ." 29 U.S.C. § 2811.

Plaintiff Ramos had worked for the Mountain Consortium since July 1995 as a Training Specialist under an employment contract renewed annually. Her salary was derived from the federal grants the Consortium received through the Work Investment Program. On June 14, 2001, Defendant Roberto Ramos Bocachica, the Executive Director of the Consortium, informed Ramos, via letter, that as of June 30, 2001, she would no longer work for the Consortium. Defendants gave Plaintiff Ramos no explanation for her dismissal.

Plaintiff Ramos alleges that Defendant Buenaventura Davila, the incumbent Mayor of Aguas Buenas, ordered Plaintiff's dismissal because of her political affiliation with a faction of the New Progressive Party ("NPP") that opposed Defendant Davila in the primary election for mayor. In July 2001, Ramos was replaced by William Nievez Vazquez, a younger employee who allegedly identified with Defendant Davila during the primary election.

## II DISCUSSION

### A. Standard of Review

▮ Pursuant to Fed.R.Civ.P. Rule 12(b)(1) a defendant can assert that the Court lacks subject matter jurisdiction to entertain an action. When deciding whether to dismiss a complaint for lack of subject matter jurisdiction, the Court "may consider whatever evidence has been submitted, such as . . . depositions and exhibits." See *Aversa v. United States,* 99 F.3d 1200, 1210 (1st Cir.1996).

Motions brought under Rule 12(b)(1) are subject to the same standard of review for Rule 12(b)(6) motions. *Negron–Gaztambide v. Hernandez–Torres,* 35 F.3d 25, 27 (1st Cir.1994). Dismissal is proper "only if it clearly appears, according to the facts alleged, that the plaintiff cannot recover on any viable theory." *Gonzalez–Morales v. Hernandez–Arencibia,* 221 F.3d 45, 48 (1st Cir.2000). The Court accepts all well-pleaded factual allegations as true, and draws all reasonable inferences in plaintiffs' favor. *See Correa–Martinez v. Arrillaga–Belendez,* 903 F.2d 49, 51 (1st Cir. 1990). When evaluating the complaint's allegations, the Court need not credit, however, "bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like". See *Aulson v. Blanchard,* 83 F.3d 1, 3 (1st Cir.1996). Plaintiff must set forth "factual allegations, either direct or inferential, regarding each material element necessary to sustain recovery under some actionable theory." *See Gooley v. Mobil Oil Corp.,* 851 F.2d 513, 514 (1st Cir.1988), and "cannot expect a trial court to do his homework for him." *McCoy v. Massachusetts Institute of Tech.,* 950 F.2d 13, 23 (1st Cir.1991).

### B. Section 1983 claim

In their Motion to Dismiss, Defendants maintain that this Court does not have jurisdiction to hear this case because (i) primary and exclusive jurisdiction to hear all claims of discrimination belongs to the administrative and judicial review mechanism provided by the JTPA, and (ii) the JTPA remedial scheme precludes plaintiffs' constitutional claims under § 1983. Although Defendants refer to the JTPA in their Motion to Dismiss, since this Act was replaced by the WIA in 1998, the Court will address the movants' arguments in light of the WIA.

▮ To prevail in a § 1983 claim, plaintiffs bear the burden of showing that defendants, acting under color of state law, deprived them of their federal constitutional rights, privileges, or immunities. *See, e.g., Romero–Barcelo v. Hernandez–Agosto,* 75 F.3d 23, 32 (1st Cir.1996). It is well-established that political discrimination restrains freedom of belief and association, core activities protected by the First Amendment. *See Elrod v. Burns,* 427 U.S. 347, 354, 96 S.Ct. 2673, 49 L.Ed.2d 547 (1976); *Padilla–Garcia v. Rodriguez,* 212 F.3d 69, 74 (1st Cir.2000).

▮ The inquiry of whether plaintiffs' rights are enforceable under § 1983 centers on congressional intent. *Blessing v. Freestone,* 520 U.S. 329, 341, 117 S.Ct. 1353, 137 L.Ed.2d 569 (1997). Congress can foreclose a remedy under § 1983 either by forbidding it expressly in the statute itself, or "impliedly, by creating a

comprehensive enforcement scheme that is incompatible with individual enforcement under § 1983". *Id.* (quoting *Livadas v. Bradshaw*, 512 U.S. 107, 133, 114 S.Ct. 2068, 129 L.Ed.2d 93 (1994)). Plaintiffs ordinarily need not exhaust administrative remedies before filing a suit under § 1983. *Porter v. Nussle*, 534 U.S. 516, 524, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002). There is a strong presumption that Congress intended to allow such suits and the burden of establishing the contrary rests on the defendants. *Stowell v. Ives*, 976 F.2d 65, 70, n. 5 (1st Cir.1992). Unless statutorily mandated, "application of the exhaustion doctrine is not a jurisdictional requirement, but within the discretion of the district court." *Accion Social de Puerto Rico, Inc. v. Viera Perez*, 831 F.2d 365, 369 (1st Cir.1987). To determine whether exhaustion of administrative remedies is required prior to bringing a § 1983 claim, a court must look to the Act's congressional intent. *Patsy v. Board of Regents*, 457 U.S. 496, 501, 102 S.Ct. 2557, 73 L.Ed.2d 172 (1982).

### 1. Express Foreclosure

█ The first part of the Court's inquiry is whether Congress expressly foreclosed recourse to § 1983 in the WIA statute. *Stowell,* 976 F.2d at 67. Section § 2938(a)(2) of the WIA provides that no individual shall be subjected to discrimination due to his or her political affiliation or belief. This provision, however, does not specify any grievance procedures to be followed and does not state whether administrative remedies must be exhausted prior to filing suit under § 1983. Section 2938(e) establishes that the Secretary of Labor (the "Secretary") should issue regulations necessary to implement the section, "should adopt standards for determining discrimination and procedures for enforcement", yet it does not state that the administrative procedures must be exhausted

nor that these procedures are the exclusive remedy available to § 2938 complainants. In the absence of specific language, the Court may only conclude that Congress did not intend to foreclose § 1983 claims. *Victorian v. Miller,* 813 F.2d 718, 721 (5th Cir.1987); *Frazier v. Fairhaven School Committee,* 276 F.3d 52, 62 (1st Cir.2002). Moreover, Section 2931(c)(4), which encompasses violations under § 2938, states that the remedies available for violations of WIA, shall not "be construed to prohibit a grievant or complainant from pursuing a remedy authorized under another Federal, State, or local law." While the WIA regulations provide guidelines for handling discrimination complaints, Plaintiff's "ability to invoke § 1983 cannot be defeated simply by '[t]he availability of administrative mechanisms to protect the plaintiff's interests." *Blessing,* 520 U.S. at 347, 117 S.Ct. 1353, 137 L.Ed.2d 569 (quoting *Golden State Transit Corp. v. City of L.A.,* 493 U.S. 103, 106, 110 S.Ct. 444, 107 L.Ed.2d 420 (1989)).

This exact issue was addressed in this District on three occasions in the past year. *See Borrero–Rodriguez v. Montalvo–Vazquez,* 275 F.Supp.2d 127 (D.P.R. 2003); *Caraballo Seda v. Javier Rivera,* 261 F.Supp.2d 76 (D.P.R.2003); *Greo v. Trujillo,* 270 F.Supp.2d 189 (D.P.R.2003). In these three cases employees brought a § 1983 action alleging political discrimination against a municipal consortium (*i.e.,* against the Southeastern Consortium in *Greo,* and against the Southwestern Consortium in *Borrero–Rodriguez* and *Caraballo*). As in the present case, the Defendants in *Greo, Borrero–Rodriguez* and *Caraballo* filed a motion to dismiss for lack of subject matter jurisdiction arguing that WIA's administrative procedure provides the exclusive remedy for discrimination claims brought under the Act. The district courts unanimously found that the WIA

did not expressly foreclose § 1983 claims against the municipal consortiums. "The WIA does not contain any particular phraseology that unmistakably evinces Congressional intent to foreclose a § 1983 claim or require exhaustion of the procedures available under it's regulations." *Caraballo,* 261 F.Supp.2d at 81 (citing *Frazier,* 276 F.3d at 62 (holding that by adopting a particular phraseology in the Individuals with Disabilities Education Act ("IDEA"), Congress unmistakably evinced its intent to require exhaustion of the administrative procedures available under IDEA)). In light of the foregoing, the Court finds that Congress did not expressly foreclose recourse to § 1983 in the WIA statute.

**2. Implied Foreclosure**

■ The second part of the Court's inquiry is whether Congress impliedly foreclosed recourse to § 1983 in the WIA statute. In answering this question, the Court must determine the WIA's congressional intent by reviewing its legislative history. *Middlesex County Sewerage Auth. v. Nat'l Sea Clammers Ass'n,* 453 U.S. 1, 13, 101 S.Ct. 2615, 69 L.Ed.2d 435 (1981)(internal citations omitted); *Frazier,* 276 F.3d at 68 (citing *Sterling Suffolk Racecourse Ltd. P'ship v. Burrillville Racing Ass'n,* 989 F.2d 1266, 1268 (1st Cir. 1993)). The WIA's legislative history is silent with regards to discrimination claims, exhaustion of grievance procedures, or preclusion of § 1983 claims. See *Caraballo,* 261 F.Supp.2d at 82 (citing P.L. 102–220; H.R.Rep. No. 105–689 (1998) reprinted in 1998 U.S.C.C.A.N. 332).

In sum, the WIA statute does not manifest Congress' expressed or implied intent to foreclose § 1983 claims. *See Greo,* 270 F.Supp.2d at 196 ("Defendants have failed to muster adequate evidence of Congress' prohibitory intent."); *see also Borrero–Rodriguez,* 275 F.Supp.2d

127 (Administrative enforcement of WIA did not impliedly foreclose ability of transitory employees to bring action against mayors of municipalities under § 1983 for political discrimination.). The Court may not lightly infer or conclude that Congress intended to preclude a § 1983 claim as a remedy for the deprivation of a federally secured right. *See Victorian,* 813 F.2d at 721. Defendants have failed to meet their burden of showing that "the remedial devices provided in [the Act] are sufficiently comprehensive ... to demonstrate congressional intent to preclude the remedy of suits under § 1983." *Caraballo,* 261 F.Supp.2d at 83 (citing *Wright v. City of Roanoke Redevelopment and Housing Auth.,* 479 U.S. 418, 424, 107 S.Ct. 766, 93 L.Ed.2d 781 (1987)). Accordingly, the Court concludes that pursuant to the WIA's language and its legislative history, Plaintiffs are not required to exhaust administrative remedies with regards to their § 1983 claims.

**III   CONCLUSION**

For the reasons stated, the Court hereby **DENIES** Defendants' Motion to Dismiss (Dkt. 14).

**IT IS SO ORDERED.**