Erick **CARABALLO–SEDA,**
et al., **Plaintiff(s)**

v.

Francisco Javier **RIVERA–TORO, Defendant(s).**

Civil No. 01–1446 (JAG).

United States District Court,
D. Puerto Rico.

Sept. 8, 2005.

Claudio Aliff-Ortiz, Aldarondo & Lopez Bras, Eliezer Aldarondo–Ortiz, Ivan M. Castro–Ortiz, Pablo Landrau–Pirazzi, Urb. Baldrich Hato Rey, PR, for Plaintiffs.

## OPINION AND ORDER

GARCIA–GREGORY, District Judge.

On December 20th, 2001, plaintiffs, a group of employees of the Southwestern Consortium ("the Consortium"), brought suit against Francisco Javier Rivera–Toro, Mayor of the Municipality of Hormigueros and President of the Consortium's Board of Mayors ("the Board"); the Municipality of Hormigueros; Isidro Negrón, Mayor of the Municipality of San Germán and Member of the Board; the Municipality of San Germán; Juan Crespo, the Consortium's Human Resources Manager; Rafael A. Montalvo Vázquez, the Consortium's Executive Director; and the Consortium (collectively "defendants"). Plaintiffs allege political discrimination under 42 U.S.C. § 1983, deprivations of their Fourteenth Amendment rights, violations to section 1881(a)(2) of the Workforce Investment Act ("WIA"), 29 U.S.C. § 2938(a)(2), and supplemental state law claims. The Municipalities of Hormigueros and San Germán ("the Municipalities") moved to dismiss the claim as to them, arguing that they cannot be held liable to plaintiffs for actions taken by officers of the Consortium. For the reasons discussed below,

the Court **GRANTS** the Municipalities' motions to dismiss.

## FACTUAL BACKGROUND

The Consortium is a non-profit partnership of several municipalities, namely: Hormigueros, San Germán, Maricao, Cabo Rojo, Sabana Grande, Guánica, Yauco, Guayanilla, Lajas and Peñuelas. (Docket No. 45 at 4.). Following the Puerto Rico general elections on November 7th, 2000, Popular Democratic Party ("PDP") mayoral candidates were elected to the municipalities of Hormigueros, San Germán, Sabana Grande, Guánica, Guayanilla, Lajas, and Peñuelas. (*Id.* at 6.) In Maricao and Cabo Rojo, the New Progressive Party ("NPP") incumbent mayor was reelected, and in Yauco the NPP candidate won the elections. (*Id.*) As a result of the electoral outcome, PDP affiliated mayors controlled the Consortium, and the newly elected PDP mayor of Hormigueros, Francisco Javier Rivera–Toro ("Rivera–Toro"), became president of the Board. (*Id.*) Soon after becoming president, Rivera–Toro dismissed the incumbent Executive Director and appointed Rafael Montalvo Vázquez. (*Id.* at 7). Subsequently, he either rescinded or did not renew plaintiffs' employment contracts with the Consortium. (*Id.* at 8–24.)

On December 20th, 2001, the plaintiffs brought suit alleging political discrimination under 42 U.S.C. § 1983, deprivations of their Fourteenth Amendment rights, and supplemental state law claims. (*Id.* at 26.) Plaintiffs also claim that defendants actions violated § 1881(a)(2) of the WIA, 29 U.S.C. § 2938(a)(2).

On February 22nd, 2005, the Municipality of Hormigueros filed a Motion to Dismiss (Docket No. 213), arguing that the Municipality did not have any authority over the decisions taken at the Consortium

level and, hence, could not have violated any of the plaintiffs' constitutional or statutory rights. On March 7th, 2005, the Municipality of San Germán moved to dismiss the complaint on the same grounds as the Municipality of Hormigueros. (Docket No. 218). On March 17th, 2005, the plaintiffs filed an Opposition to both Motions to Dismiss. (Docket No. 220).

## STANDARD OF REVIEW

### 1. *Motion To Dismiss*

Pursuant to Fed.R.Civ.P. Rule 12(b)(6), a complaint may not be dismissed unless it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *See Brown v. Hot, Sexy, and Safer Prods., Inc.,* 68 F.3d 525, 530 (1st Cir.1995). The Court accepts all well-pleaded factual allegations as true, and draws all reasonable inferences in plaintiff's favor. *See Correa–Martinez v. Arrillaga–Belendez,* 903 F.2d 49, 51 (1st Cir.1990). The Court need not credit, however, "bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like" when evaluating the Complaint's allegations. *Aulson v. Blanchard,* 83 F.3d 1, 3 (1st Cir.1996). When opposing a Rule 12(b)(6) motion, "a plaintiff cannot expect a trial court to do his homework for him." *McCoy v. Massachusetts Institute of Tech.,* 950 F.2d 13, 22 (1st Cir.1991). Plaintiffs are responsible for putting their best foot forward in an effort to present a legal theory that will support their claim. *Id.* at 23 (*citing Correa–Martinez,* 903 F.2d at 52). Plaintiffs must set forth "factual allegations, either direct or inferential, regarding each material element necessary to sustain recovery under some actionable theory." *Gooley v.*

*Mobil Oil Corp.,* 851 F.2d 513, 514 (1st Cir.1988).

## DISCUSSION

■ The Municipalities argue that they cannot be held liable to plaintiffs because, at the time of the challenged personnel decisions, plaintiffs were not employees nor had any contractual relationship with any of the two Municipalities. The Municipalities further contend that any actions taken by defendant Rivera–Toro in relation to the facts alleged herein, were taken by him as Chairman of the Board, not as Mayor of Hormigueros.

The plaintiffs counter that the mayors represent their municipalities on the Board, and that the Consortium does not create a position for the mayors different from that of their traditional role as representatives of the municipalities. Plaintiffs also argue, relying in *Torres Ramos v. Consorcio de la Montaña,* 286 F.Supp.2d 126 (D.P.R.2003), *González–Caratini v. García–Padilla,* 278 F.Supp.2d 189 (D.P.R. 2003) and *Borrero–Rodríguez v. Montalvo–Vázquez,* 275 F.Supp.2d 127 (D.P.R. 2003), that "in dealing with consortium-mayor-municipal liability issues, this court has held municipalities liable for the acts of their mayors acting as members and officers of consortiums." (Docket No. 220 at 1.) The Court disagrees.

■ The Consortium is a particular legal entity under the Puerto Rico Autonomous Municipalities Act, 21 L.P.R.A. § 4001 *et seq.* Among other things, the Consortium has a distinct legal personality than the municipalities which comprise it, and has legal capacity to sue and be sued. 21 L.P.R.A. § 4051.[1] Thus, in order to

---

1. 21 L.P.R.A. § 4051 states, in pertinent part, that municipalities shall have power to

. . . . .

(p) Create intermunicipal bodies that will

allow two (2) or more municipalities to identify common problems, plan, and develop joint activities or services in benefit of the inhabitants. Their organization shall be

prevail in a section 1983 challenge against the Municipalities, plaintiffs must go beyond the actions attributed to the Consortium and prove that each *municipality:* 1) acted under color of state law; and 2)deprived plaintiffs of a federally protected right. *Rogan v. City of Boston,* 267 F.3d 24 (1st Cir.2001); *DiMarco–Zappa v. Cabanillas,* 238 F.3d 25, 33 (1st Cir.2001).[2]

Plaintiffs, however, fail to prove that they were deprived of their constitutional or statutory rights as a result of the Municipalities implementing a policy. Plaintiffs merely aver that, notwithstanding the fact that defendant Rivera–Toro took the challenged decisions as the Chairman of the Board, he is also the Mayor of Hormigueros, and thus his actions must invariably be attributed to the Municipality of Hormigueros. In sum, plaintiffs argue that "the mayors did not take off their hats as mayors and put on their hats as members of the Consortium's board ... they represented their municipalities on the board." (Docket No. 220 at 6). However, the statute which empowers the Municipalities to enter into the Consortium does not support their position. Article 2.001(p) of the Puerto Rico Autonomous Municipalities Act, 21 L.P.R.A. § 4051(p), makes clear that "once the intermunicipal agreement has been approved, a consortium will be constituted, which shall have its own

existence and juridical personality, separate from the municipality."

At the time of the adverse employment actions, plaintiffs were not municipal employees nor they were under contract with the Municipalities. Hence, even if plaintiffs prove that defendant Rivera–Toro, knew of, overtly or tacitly approved of, or purposely disregarded the discriminating conduct charged by the plaintiffs, neither the Municipality of Hormigueros, nor the Municipality of San Germán, can be held liable, because defendant Rivera–Toro was acting as Chairman of the Board, not as Mayor of Hormigueros. In sum, the plaintiffs have failed to connect the alleged illegal conduct to the Municipalities, as required by Section 1983.

Finally, the plaintiffs' reliance on the Court's decisions in *Torres Ramos, González–Caratini* and *Borrero–Rodríguez* is misplaced. In *González–Caratini,* the Court denied the defendants' motion for summary judgment because: 1) the consortium was deemed an indispensable party; and 2) there were factual issues as to the capacity in which the mayor acted when he caused the plaintiffs' termination, and as to whether any of his alleged acts of discrimination took place after he was sworn in as mayor. Whereas in *Torres Ramos* and *Borrero–Rodríguez,* the Court

---

carried out through an intermunicipal agreement signed by the mayors with the approval of at least two-thirds of the assemblies concerned. Once the intermunicipal agreement has been approved, a consortium will be constituted, which shall have its own existence and juridical personality, separate from the municipality, as provided for civil partnership in the Puerto Rico Civil Code, Title 31 . . . .

2. The United States Supreme Court has held that municipalities can be sued directly under section 1983 in situations in which the alleged unconstitutional conduct implements or executes a policy statement, ordinance, regula-

tion or decision officially adopted or promulgated by those whose edicts or acts may fairly be said to represent official policy of the municipality. *Board of County Commissioners of Bryan County v. Brown,* 520 U.S. 397, 117 S.Ct. 1382, 137 L.Ed.2d 626 (1997); *Monell v. Department of Social Services,* 436 U.S. 658, 694, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Specifically, in *Pembaur v. Cincinnati,* 475 U.S. 469, 479–81, 106 S.Ct. 1292, 89 L.Ed.2d 452 (1986), the Court ruled that municipal liability attaches from: 1)decisions of a duly constituted legislative body; 2)from the acts of the officials whose acts may be fairly said to be those of the Municipality.

refused to dismiss the claim for lack of subject matter jurisdiction because it found that the WIA did not foreclose an employee's ability to maintain an action under section 1983. In other words, none of the cases cited by plaintiffs squarely rule that a municipality is liable for the actions taken by its mayor outside the scope of his official duties as mayor. Moreover, that was not the issue before the Court in any of the three cases.

Since the Puerto Rico Autonomous Municipalities Act clearly establishes that the Consortium and the municipalities which comprise it are separate and distinct entities, and inasmuch as plaintiffs fail to connect the Municipalities to any illegal conduct, the Court must dismiss the complaint as to them.

## CONCLUSION

In light of the reasons discussed above, the Court hereby **GRANTS** the Municipalities' Motions to Dismiss. Partial judgment shall enter accordingly.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 8th day of September, 2005.