Jerome E. McGILLICUDDY,
Plaintiff, Appellee,

v.

John A. CLEMENTS, etc., Defendant,
Appellee.

Ernst & Whinney, etc., Defendant,
Appellant.

No. 84–1228.

United States Court of Appeals,
First Circuit.

Argued Sept. 6, 1984.

Decided Oct. 11, 1984.

Michael C. Harvell, Manchester, N.H., with whom Sheehan, Phinney, Bass & Green, Manchester, N.H., were on brief, for defendant, appellant.

Charles A. Russell, Concord, N.H., for plaintiff, appellee.

Before COFFIN and BOWNES, Circuit Judges, and SELYA,* District Judge.

COFFIN, Circuit Judge.

Defendant Ernst & Whinney, a private accounting partnership, appeals from an order of the United States District Court for the District of New Hampshire denying its motion to dismiss a civil rights case against it for failure to state a claim.[1] Ernst & Whinney contends that the plaintiff, Jerome E. McGillicuddy, failed to allege sufficient factual allegations to estab-

---

* Of the District of Rhode Island, sitting by designation.

1. We wish to point out that we would not normally allow an appeal from a denial of a motion to dismiss, and, with the benefit of hindsight, we admit our error in doing so in this case. We continue to adhere to the view that interlocuto-ry certification under 28 U.S.C. § 1292(b) should be used sparingly and only in exceptional circumstances, and where the proposed intermediate appeal presents one or more difficult and pivotal questions of law not settled by controlling authority. *In re Heddendorf,* 263 F.2d 887, 888–89 (1st Cir.1959) (Magruder, Ch. J.).

lish that the accounting firm acted under color of state law, a prerequisite to a civil rights suit under 42 U.S.C. § 1983. We conclude that the allegations do not reach the level of specificity required to state a § 1983 claim against a private party, and so we reverse.

Plaintiff McGillicuddy served as director of the Railroad Division of the New Hampshire Transportation Authority (NHTA) from October 1979 until June 30, 1981. He then was transferred to the Department of Public Works and Highways, and was fired on October 1, 1981, for unspecified reasons. Defendant Ernst & Whinney was hired in August 1981 to review the financial management of NHTA, and it presented its report to the state legislature's Joint Fiscal Committee in April 1982. Plaintiff claims that defendant did not follow proper auditing procedures, and he alleges that the report contained false, inaccurate or misleading information. His civil rights suit against Ernst & Whinney and two state officials, who are not involved in this appeal, sought monetary damages for defamation, interference with contract, and violation of due process and First Amendment rights.

■ Plaintiff's allegations against Ernst & Whinney could state a claim under § 1983 only if the accounting firm's conduct is somehow attributable to the state. Plaintiff attempted to establish the requisite state action in this case by pointing to the contractual relationship between the state and the accounting firm, and by alleging that a conspiracy existed between them to deprive the plaintiff of his rights.

The contractual argument fails under the Supreme Court's reasoning in *Rendell-Baker v. Kohn,* 457 U.S. 830, 102 S.Ct. 2764, 73 L.Ed.2d 418 (1982), in which the Court found that a private school in Brookline, Massachusetts, was not a state actor for purposes of § 1983.

"The school, like the nursing homes, is not fundamentally different from many private corporations whose business depends primarily on contracts to build roads, bridges, dams, ships or submarines for the government. *Acts of such private contractors do not become acts of the government by reason of their significant or even total engagement in performing public contracts.*" 457 U.S. at 841, 102 S.Ct. at 2771 (emphasis added).

This language makes it clear, a fortiori, that defendant, a private accounting firm, whose work does *not* depend primarily on government contracts, did not become a state actor for purposes of § 1983 simply because it was performing an audit for a state agency.

■ Plaintiff's attempt to find the requisite state action in a conspiracy between the accounting firm and the state officials who authorized the financial review of NHTA has more potential, but the allegations as framed in his complaint are factually insufficient in light of the standard we observe.

"Especially because the circumstances under which cooperation by a private party with law enforcement personnel will convert private action to state action are unclear, ... it is appropriate to require that the relationship or nature of cooperation between the state and a private individual be pled *in some detail.* This is in line with our requirement that some factual basis supporting the existence of a conspiracy must be pled when a conspiracy is alleged in a civil rights case. *Francis-Sobel v. University of Maine,* [597 F.2d 15, 17 (1st Cir.1979)]; *Slotnick v. Staviskey,* [560 F.2d 31, 33 (1st Cir.1977)]. *See also Sparkman v. McFarlin,* 601 F.2d 261, 266–67 (7th Cir. 1979) (Sprecher, J., concurring)." *Glaros v. Perse,* 628 F.2d 679, 685 (1st Cir.1980) (citations omitted; emphasis added).

Plaintiff's complaint falls far short of fulfilling these factual requirements. He alleges that Ernst & Whinney acted "under color of state law" and "jointly in concert" with the other defendants, who are state employees, but does not allege specific facts to support these allegations. Complaint at ¶¶ 37, 38, 57, 61, 70, 72, 76, *McGillicuddy v. Clements,* No. 84–1228 (D.N.H.

filed Aug. 24, 1983). The district court found that plaintiff's allegations concerning an incomplete or improper audit adequately supported the conclusory claim of a conspiracy. However, those claims merely suggest that Ernst & Whinney did a bad job of accounting, not that it was acting in a conspiracy with state officials to deprive the plaintiff of civil rights.

At oral argument, plaintiff's counsel speculated that the defendant may have been directed not to do the audit in the usual way during a discussion with state officials. Such conjecture obviously attempts to do what the complaint did not, *i.e.*, link the conduct of the defendant to the state. Speculation about what might have happened can not save an otherwise inadequate complaint. "It is not enough to allege a general scenario which could be dominated by unpleaded facts...." *Dewey v. University of New Hampshire*, 694 F.2d 1, 3 (1st Cir.1982) (plaintiff failed to state a claim under § 1983).

Because plaintiff makes virtually no factual showing to support his allegation of a conspiracy, it was improper for the district court to deny defendant's motion to dismiss. In the course of further proceedings, however, the district court, absent undue prejudice to defendant, could allow the complaint to be amended if plaintiff were to make a proper factual showing.

*We vacate that part of the order of the district court denying Ernst & Whinney's motion to dismiss and remand the cause to the district court with instructions to dismiss the complaint against Ernst & Whinney without prejudice.*