Petros A. PALANDJIAN,
Plaintiff, Appellee,

v.

Ashraf PAHLAVI, Defendant,
Appellant.

No. 85–1718.

United States Court of Appeals,
First Circuit.

Argued Jan. 10, 1986.

Decided Jan. 30, 1986.

Harvey Weiner, Washington, D.C., with whom Ellen A. Loeb, Peabody & Arnold, Boston, Mass., William E. Jackson, James E. Clapp, and Milbank, Tweed, Hadley & McCloy, New York City, were on brief, for defendant, appellant.

M. Frederick Pritzker, Boston, Mass., with whom Elizabeth A. Ritvo and Brown, Rudnick, Freed & Gesmer, Boston, Mass., were on brief, for plaintiff, appellee.

Before BOWNES, ALDRICH and BREYER, Circuit Judges.

PER CURIAM.

In this action for conversion of personal property and breach of contract, plaintiff's only answer to the defense of the statutes of limitations is that, by duress, for fear of personal injury, he was prevented from bringing suit any sooner. On defendant's motion for summary judgment, plaintiff filed affidavits of the facts upon which he based his claim, 614 F.Supp. 1569. After reviewing the facts, the court expressed its views as follows:

(1) "I completely agree that a duress exception can theoretically toll the statutes of limitation [under Massachusetts common law]."

(2) Another Massachusetts district judge has viewed almost identical affidavits as presenting a question of fact as to duress.

(3) I do not myself think so, but "appropriate amenities [and] profound considerations of equality in the treatment of litigants" call for "considerable deference," citing Wyzanski, "The Essential Qualities of a Judge" (1956), *reprinted in Handbook for Judges* 96 (American Judicature Society 1975).

(4) I will deny the motion for summary judgment and certify for an interlocutory appeal because "[t]he extent of the duress exception to the running of the Massachusetts statutes of limitations is here 'a controlling question of law as to which there is a substantial ground for difference of opinion.' "

This court (but not the judges presently sitting) permitted the appeal.

The first argument presented by appellant is that Massachusetts would, under no circumstances, recognize duress as tolling the statutes. The district court did not agree. Neither does the Massachusetts Appeals Court: "It is possible to imagine circumstances in which duress might toll the statute." *Babco Industries, Inc. v. New England Merchants National Bank,* 6 Mass.App. 929, 380 N.E.2d 1327, 1328 (1978). Although the merest dictum, defendant can find nothing to contradict it, and thus presently we doubt there is "sub-

stantial ground for a difference of opinion," 28 U.S.C. § 1292(b), about the bare existence of such an exception in some conceivable circumstances. *See Adamowicz v. Town of Ipswich,* 395 Mass. 757, 481 N.E.2d 1368, 1370 n. 4 (1985).

Point 2 we take to be factually correct. However, as to point 3, we are less impressed. That a ruling by one district judge should impose on nine others the duty to try a lengthy case, or to make, say, a ruling they believe will result in reversal, is an awesome suggestion. Nor does equality of treatment justify the perpetuation of error. We can agree that a prior ruling in the same case should not be reversed by a new judge without grave conviction, although even here there is no necessary "law of the case." For collection of cases, see 1B J. Moore, J. Lucas & T. Currier, *Moore's Federal Practice* ¶ 0.404[4.–2] (2d ed. 1984). To continue a believed error made in unrelated cases is a doubtful practice.

As to point 4, the question of *whether* Massachusetts would recognize the principle of duress as tolling the statute would be a good example of a "controlling question of law." But the question of the *extent* of such an exception is a classic example of what is not to be raised by intermediate appeals. It resembles a "sufficiency of the evidence" claim—the kind of claim which an appellate court can better decide after the facts are fully developed. The fact that appreciable trial time may be saved is not determinative, for such would often be true of interlocutory appeals. Rather, as we said in *McGillicuddy v. Clements,* 746 F.2d 76 (1st Cir.1984):

> [I]nterlocutory certification under 28 U.S.C. § 1292(b) should be used sparingly and only in exceptional circumstances, and where the proposed intermediate appeal presents one or more difficult and pivotal questions of law not settled by controlling authority. *In re Heddendorf,* 263 F.2d 887, 888–89 (1st Cir.1959) (Magruder, Ch. J.).

*Id.* at 76 n. 1.

We consider our initial decision to hear this appeal improvident. *See Slade v.*

*Shearson, Hammill & Co.,* 517 F.2d 398, 400 (2d Cir.1974); *Molybdenum Corp. of America v. Kasey,* 279 F.2d 216, 217 (9th Cir.1960) (per curiam). The district court remains free to develop the facts further, to certify questions to the Supreme Judicial Court, *see* Mass. S.J.C. Rule 1:03, or to proceed to decide other issues, as it believes appropriate.

The order allowing an interlocutory appeal is

*Vacated.*