Faigin v. Kelly                          CV-95-317-SD   05/01/96 P

UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEW HAMPSHIRE


A.J. Faigin


         v.                                    Civil 95-317-SD


James E. Kelly;
Vic Carucci


                          O R D E R


     Stung by the rejection of their claim of lack of personal
jurisdiction, defendants seek the palliative of an interlocutory
appeal.  Documents 13.1, 13.2.  Plaintiff objects.  Document 15.


1.  Background

     This action for libel has been brought by a California
resident against two New York-resident co-authors of the book
which contained the alleged defamatory statements.  The book was
nationally published, and at least 36 copies were sold in New
Hampshire.[1]

---

[1]The proposed question for certification is to the effect
that only 36 copies of the book were sold in New Hampshire.
However, the affidavit of Greg Agins ¶ 4 (which was attached to
defendants' motion to dismiss) indicated that, additionally, an
unidentified number of books may have been sold by Walden
bookstores in New Hampshire from one of its regional distribution
centers.

Defendants moved to dismiss for lack of personal jurisdiction over them, and plaintiff objected.  The court denied the motion to dismiss in its order of March 19, 1996.  Document 11.

Involving the "circumscribed authority" afforded district courts under 28 U.S.C. § 1292(b),[2] <u>Swint v. Chambers County Comm'n</u>, ___ U.S. ___, ___, 115 S. Ct. 1203, 1210 (1995), defendants move for certification of an interlocutory appeal, together with a stay of proceedings pending appeal.

## 2.  Discussion

Suggesting that the court's assumption of jurisdiction is unprecedented and far-reaching, defendants argue that there is a reasonable likelihood of reversal on appeal.  The court respectfully disagrees.

_____

[2]28 U.S.C. § 1292(b) provides:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.  The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order . . . .

Not only does the exercise of personal jurisdiction in the circumstances presented in the instant case comport with the findings of Judge McAuliffe in <u>Gray v. St. Martin's Press, et al</u>, No. 95-285-M (D.N.H. Mar. 28, 1996), but it is consistent with this court's prior decision in <u>Buckley v. McGraw-Hill, Inc.</u>, 762 F. Supp. 430 (D.N.H. 1991). It is also consistent with the findings of jurisdiction made in <u>Mitchell v. Random House, Inc.</u>, 703 F. Supp. 1250 (S.D. Miss. 1988), <u>aff'd</u> 865 F.2d 664 (5th Cir. 1989). The following language from <u>Buckley</u>, <u>supra</u>, could as well be applied in the instant case.

> In the instant case, the individual defendants' allegedly tortious conduct was aimed specifically at plaintiff. This conduct caused the type of injury that occurs wherever the defamation was distributed. The individual defendants, all of whom had a direct hand in the writing and publication of the articles in question for a nationally distributed magazine, must reasonably anticipate being haled into court in a libel action where injury to the targeted plaintiff can be expected to occur, which in this case included New Hampshire.

<u>Id.</u> at 438-39.

Accordingly, this is not, the court herewith finds, a case wherein the court of appeals would be likely to divert from its familiar approach to interlocutory appeals, which has been oft repeated in its warning to district court.

> The First Circuit admonishes that [o]nly rare cases will qualify for the statutory anodyne; indeed, it is

3

> apodictic in this circuit that
> interlocutory certification of this sort
> "should be used sparingly and only in
> exceptional circumstances, and where the
> proposed intermediate appeal presents one
> or more difficult and pivotal questions
> of law not settled by controlling
> authority.
> In re San Juan Dupont Plaza Hotel Fire Litig., 859
> F.2d 1007, 1010 n.1 (1st Cir. 1988) (quoting
> McGillicuddy v. Clements, 746 F.2d 76, 76 n.1 (1st
> Cir. 1984)).  In light of section 1292(b)'s
> strictures, "the instances where section 1292(b)
> may appropriately be utilized will, realistically,
> be few and far between."  Id.

Pacamor Bearings, Inc. v. Minebea Co., Ltd., 892 F. Supp. 347,

361 (D.N.H. 1995).


3.  Conclusion

For the reasons hereinabove outlined, the motion for

certification of interlocutory appeal and stay of proceedings

pending appeal must be and it is herewith denied.

SO ORDERED.


                                      _____
                                        Shane Devine, Senior Judge
                                        United States District Court

May 1, 1996

cc:  Wilbur A. Glahn III, Esq.
     Alan J. Mandel, Esq.
     William L. Chapman, Esq.