**Oscar CAMACHO, Plaintiff,**

v.

**PUERTO RICO PORTS AUTHORITY,
Defendant.**

**Civil 01–1681(JAG)(JA).**

United States District Court,
D. Puerto Rico.

June 18, 2003.

---

1. *Falú v. Secretary of Health & Human Servs.*, 703 F.2d 24 (1st Cir.1983).

Harry A. Ezratty, San Juan, PR, for Plaintiff.

Jorge A. Fernandez–Reboredo, San Juan, PR, for Defendant.

## OPINION AND ORDER

ARENAS, United States Magistrate Judge.

This matter is before the court on motion filed by Puerto Rico Ports Authority ("PRPA") seeking a certification for immediate appeal pursuant to 28 U.S.C. § 1292(b). PRPA argues that controlling issues of law to which there are grounds for substantial disagreement are present in the opinion and order issued by me on March 26, 2003 (Docket No. 32) granting in part and denying in part its motion for summary judgment. It is further claimed by PRPA that pre-trial appellate review of said questions will materially advance the ultimate termination of the litigation. Plaintiff Oscar Camacho has not filed an opposition to PRPA's motion. Because I agree with PRPA that an immediate appeal of the controlling questions of law in

the instant case is warranted and for the reasons explained below, PRPA's motion is GRANTED.

### PROCEDURAL BACKGROUND

This is an action brought by plaintiff Oscar Camacho under the provisions of the Age Discrimination in Employment Act ("ADEA"), primarily challenging the decision of the PRPA to terminate his harbor pilot license on account of his age. Plaintiff's harbor pilot license termination was made pursuant to Act 226 of August 12, 1999—also known as the Enabling Act for the Puerto Rico Harbor Pilotage Commission—codified in 23 P.R. Laws Ann. § 361 *et seq.* ("Act 226"). Section 361s specifically provides that "[t]he licenses of all pilots shall expire when the pilot attains seventy (70) years of age." 23 P.R. Laws Ann. § 361s.

On February 18, 2003, PRPA moved for summary judgment claiming that: (1) plaintiff is not an employee as defined by the ADEA; (2) plaintiff failed to establish a *prima facie* case of age discrimination; (3) the license termination was made in accordance with Puerto Rico law; (4) the mandatory retirement at age 70 is a Bonafide Occupational Qualification; and (5) the license cancellation was not a discriminatory act under the Fourteenth Amendment. (*See* PRPA's Motion for Summary Judgment, Docket No. 30.) Plaintiff filed its opposition on February 28, 2003. (Docket No. 31.) On March 26, 2003, I issued an Opinion and Order (Docket No. 32) granting in part and denying in part PRPA's motion for summary judgment. *Camacho v. Puerto Rico Ports Authority*, No. 01–1681, 254 F.Supp.2d 220 (D.P.R.2003). Among other things, I found that PRPA was not merely the licensing board that issued plaintiff's harbor pilot license; rather, I ruled that for purposes of the ADEA, PRPA was plaintiff's employer. (Docket No. 32, at 11.) I also found that as a matter of law, Act 226's license expiration was the equivalent of a mandatory retirement plan that was preempted by and violating the ADEA. (*Id.* at 13.) A factual dispute remained as to whether the mandatory license expiration under Act 226 could be upheld as a Bonafide Occupational Qualification. (*Id.* at 16.)

Subsequently, PRPA moved for reconsideration of the March 26, 2003 opinion and order (Docket No. 33) to which plaintiff filed an opposition. (Docket No. 35.) Finding that PRPA's motion for reconsideration was a rehash of the arguments previously presented to and rejected by me in the motion for summary judgment, I denied PRPA's motion for reconsideration on May 1, 2003. (Docket No. 40.) PRPA now moves for an order certifying the controlling questions of law decided in the March 26, 2003 opinion and order for immediate appeal. (Docket No. 43.)

### DISCUSSION

■ "Federal appellate jurisdiction generally depends on the existence of a decision by the District Court that 'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.'" *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 467, 98 S.Ct. 2454, 57 L.Ed.2d 351 (1978) (quoting *Catlin v. United States*, 324 U.S. 229, 233, 65 S.Ct. 631, 89 L.Ed. 911 (1945)). The "final judgment rule" prevents the creation of additional burdens on courts and litigants from a multitude of interlocutory appeals whose issues might subsequently become moot. *Cummins v. EG & G Sealol, Inc.*, 697 F.Supp. 64, 67 (D.R.I.1988). An appeal of an interlocutory order may, nonetheless, be authorized under section 1292(b) if the court is persuaded that: (1) the appeal "involves a controlling question of law[;] [ (2) ] . . . to which there is a substantial

ground for difference of opinion and ... [ (3) ] that an immediate appeal from the order may materially advance the ultimate termination of the litigation. ..." 28 U.S.C. § 1292(b) (2002)[1]; *see also Estates of Ungar ex rel. Strachman v. Palestinian Auth.,* 228 F.Supp.2d 40, 50 (D.R.I.2002).

■ It has been held, however, that the discretion of the court to grant the certification for interlocutory appeals should be used sparingly. *See McGillicuddy v. Clements,* 746 F.2d 76, 77 n. 1 (1st Cir.1984). Only in exceptional circumstances and where the appeal presents one or more pivotal questions of law that are not settled by controlling authority, should the court grant permission for an immediate interlocutory appeal. *Id.; see also In re San Juan Dupont Plaza Hotel Fire Litig.,* 859 F.2d 1007, 1010 n. 1 (1st Cir. 1988). The decision of whether to grant the interlocutory appeal involves in and of itself a great amount of discretion on the part of the district court judge. But the party seeking such appellate review has the burden of convincing not only the district court, but also the appellate court, that the motion satisfies the three factors under section 1292(b). *See Estates of Ungar ex rel. Strachman v. Palestinian Auth.,* 228 F.Supp.2d at 50. Section 1292(b) states in pertinent part that the court of appeals with jurisdiction may in its discretion decide to hear the appeal upon application no later than ten days from the entry of certification.

PRPA claims that the three elements under section 1292(b) are met in the instant case. They argue that the March 26, 2003 opinion and order, from which it seeks interlocutory review, involves controlling issues of law; namely, whether PRPA was plaintiff's employer under the ADEA and whether Act 226 contravenes the ADEA with its mandatory license expiration at. age 70. My decision to answer those questions in the affirmative is according to PRPA subject to a substantial difference of opinion in the absence of settled precedent. Finally, PRPA contends that review by the court of appeals will materially advance termination of the lawsuit because in this case the facts are largely undisputed while questions of law are in controversy and reversal of the court's order after trial would result in the waste of time and resources.

■ After reviewing the record I find that all the elements for an interlocutory appeal are present in this case. First, at least as to the question of whether plaintiff was a covered employee of the PRPA, the law in this circuit is far from settled. In *Speen v. Crown Clothing Corp.,* 102 F.3d 625, 631 (1st Cir.1996), the court held that not having determined the issue in the past and instead of applying the "economic realities test" or the "hybrid test,"[2] it would apply the traditional common law agency test in light of the Supreme Court's decision in *Nationwide Mut. Ins. Co. v. Darden,* 503 U.S. 318, 322–23, 112 S.Ct. 1344, 117 L.Ed.2d 581 (1992). But even so, *Speen* dealt with a distinction not pres-

---

1. Section 1292(b) provides in relevant part:

   (b) When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate

termination of the litigation, he shall so state in writing in such order.
   28 U.S.C. § 1292(b) (2000).

2. These are two of the tests used in the different circuits to determine whether a person qualifies as a covered employee under the ADEA. *See e.g., E.E.O.C. v. Zippo Mfg. Co.,* 713 F.2d 32, 38 (3rd Cir.1983); *Spirides v. Reinhardt,* 613 F.2d 826, 833 (D.C.Cir.1979).

ent in this case. It dealt with the determination of employee versus independent contractor status under the ADEA. *See Speen v. Crown Clothing Corp.*, 102 F.3d at 630. Here, the question is whether PRPA is merely a licensing board rather than plaintiff's employer. And while other circuits [3] have decided that a licensing body is not an employer under the ADEA, that question has not been addressed in this circuit.

Nevertheless, I found that applying the common law test set forth in *Darden* and adopted by the First Circuit in *Speen*, PRPA was plaintiff's employer because of the degree of control exercised by it over harbor pilots by virtue of Act 226. This is a controlling question of law for there can be no recovery under the ADEA unless plaintiff qualifies as a covered employee. In addition, I find that there is a substantial ground for difference of opinion as to my finding that PRPA is plaintiff's employer under the cases decided by other circuits and even under this circuit's decision in *Puerto Rico Ports Auth. v. M/V Manhattan Prince*, 897 F.2d 1 (1st Cir. 1990).[4]

Finally, an interlocutory review of my opinion and order will materially advance the ultimate termination of the litigation for two reasons. First, reversal of my opinion and order terminates the litigation inasmuch as it determines that as a matter of law, plaintiff was not a covered employee under the ADEA, thus precluding the age discrimination claim. Second, if the court of appeals affirms, the case will proceed to trial with the issues as narrowed by my opinion and order. Accordingly, pre-trial interlocutory review is warranted in this case. PRPA's motion is, therefore, GRANTED.

## CONCLUSION

In view of the above, certification for an interlocutory appeal of my March 26, 2003, opinion and order is GRANTED. PRPA has ten days to apply for discretionary review in the court of appeals.

SO ORDERED

**3.** *See, e.g., Ass'n of Mexican–Am. Educators v. California*, 231 F.3d 572, 583 (9th Cir.2000); *Fields v. Hallsville Indep. Sch. Dist.*, 906 F.2d 1017, 1020 (5th Cir.1990); *George v. New Jersey Bd. of Veterinary Med. Exam'r*, 794 F.2d 113, 114 (3rd Cir.1986); *Haddock v. Bd. of Dental Exam'r of California*, 777 F.2d 462, 463–64 (9th Cir.1985); *Ehret v. Louisiana*, 862 F.Supp. 1546, 1551 (E.D.La.1992); *E.E.O.C. v. Waterfront Comm'n of New York Harbor*, 665 F.Supp. 197, 199–200 (S.D.N.Y. 1987); *Nat'l Org. for Women, New York Chapter v. Waterfront Comm'n of New York Harbor*, 468 F.Supp. 317, 320 (S.D.N.Y.1979).

**4.** The court in *Manhattan Prince* observed that the PRPA was not the employer of harbor pilots for purposes of the imposition of vicarious liability under the doctrine of *respondeat superior*. Although the court did state that it endorsed the district court's finding that as a licensing organism, PRPA could not be held vicariously liable, *Puerto Rico Ports Auth. v. M/V Manhattan Prince*, 897 F.2d at 12, such observation did not clearly resolved the question under the ADEA.