Erick **CARABALLO SEDA**, et al, Plaintiff(s)

v.

Francisco **JAVIER RIVERA**, et al, Defendant(s).

**Civil No. 01–1446(JAG).**

United States District Court, D. Puerto Rico.

March 1, 2004.

---

Claudio Aliff–Ortiz, Eliezer Aldarondo–Ortiz, Ivan M. Castro–Ortiz, Pablo Landrau–Pirazzi, Aldarondo & Lopez Bras, Hato Rey, PR, for Plaintiffs.

Grisselle Gonzalez–Negron, Faccio & Pabon Roca, Jacqueline N. Font–Guzman, Font & Torres Law Office, Clarisa Sola–Gomez, Faccio & Pabon Roca, San Juan, PR, Johanna M. Emmanuelli–Huertas, Pedro Ortiz Alvarez Law Offices, Ponce, PR, for Defendants.

## OPINION AND ORDER

GARCIA–GREGORY, District Judge.

Pending before this Court are plaintiffs' partial opposition (Docket No. 176) and defendant's objections (Docket No. 178) to United States Magistrate–Judge Gustavo A. Gelpí's Recommendation and Order (Docket No. 174) on the motion for summary judgment filed by defendants (Docket Nos. 154 and 156). Magistrate–Judge Gelpí recommended that the motion for summary judgment be denied in part and granted in part. After reviewing the objections, the Court ADOPTS the Recommendation and Order.

### *Standard of Review*

A district court may, on its own motion, refer a pending matter to a United States Magistrate–Judge for a report and recommendation. *See* 28 U.S.C. § 636(b)(1)(B); Fed.R.Civ.P. 72(b); Rule 503, Local Rules, District of Puerto Rico. Pursuant to Federal Rule of Civil Procedure 72(b) and Local Rule 510.2, the adversely affected party may contest the report and recommendation by filing written objections "[w]ithin ten days of being served" with a copy of the order. 28 U.S.C. § 636(b)(1). The Court must then make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. *See United*

*States v. Raddatz,* 447 U.S. 667, 673, 100 S.Ct. 2406, 65 L.Ed.2d 424 (1980); *Lopez v. Chater,* 8 F.Supp.2d 152, 154 (D.P.R. 1998). The Court may accept, reject or modify, in whole or in part, the Magistrate–Judge's recommendations. "Failure to raise objections to the Report and Recommendation waives [that] party's right to review in the district court and those claims not preserved by such objections are precluded on appeal." *Davet v. Maccarone,* 973 F.2d 22, 30–31 (1st Cir.1992) (citations omitted).

### Factual Background [1]

The Workforce Investment Act ("WIA") was signed into law on August 7, 1988. The WIA imposes mandatory requirements for the implementation of programs, including the development of a workforce in federally designated "investment" areas. The Southwestern Consortium ("Consortium") is a non-profit partnership that administers the federal funds for the implementation of WIA's programs and is composed of several designated "investment" municipalities, namely Hormigueros, San Germán, Maricao, Cabo Rojo, Sabana Grande, Guánica, Yauco, Guayanilla, Lajas, and Peñuelas.

Following the Puerto Rico general elections on November 7, 2000, there was a power shift in several of the municipalities. Within the Consortium, the Popular Democratic Party (PDP) affiliates became the dominant group over the previously dominant New Progressive Party (NPP) affiliates. The newly elected PPD mayor of Hormigueros, Francisco Javier Rivera, became president of the Board, and shortly thereafter he dismissed the incumbent Executive Director and appointed Rafael Montalvo Vazquez to the position. Following these events, defendants rescinded or did not renew plaintiffs' employment contracts with the Consortium.

Four of the plaintiffs were employed by the Consortium as directors for either the regional or central office. These plaintiffs are Erick M. Caraballo Seda, his spouse Daviannie García Hernández, Griselle Nazario Ortiz, Lourdes Velázquez Irizarry, Miguel A. Ruiz Sierra, and his spouse Bethzaida Rosado. Eight of the plaintiffs were employed in career positions at the San Germán office. These plaintiffs are María E. Feliberty Rodríguez, Magdalena Torres Pabón, Lynda Soto Laracuente, Solyvette Martínez Rodríguez, Nereida Santos Morales, Jackeline Cintrón Pagán, Leida E. Almodóvar Millán, and Gianna Falleti Ramírez. Two remaining plaintiffs were employed at the Consortiums's central office. These plaintiffs are Aissa J. Vega Albino and Neftalí Sepúlveda Orengo.

Defendants filed a motion for summary judgment on July 7, 2003 (Docket No. 154 and 156), alleging that plaintiffs have not met the burden of proof necessary to establish a *prima facie* case of political discrimination. Plaintiffs opposed said motion on September 12, 2003 (Docket No. 169), and this Court referred the motion for summary judgment to Magistrate–Judge Gelpí for a Report and Recommendation. Subsequently, the Magistrate–Judge issued a report recommending that the summary judgment motion be denied in part and granted in part.

### Discussion

A. Plaintiffs' partial opposition

 Plaintiffs filed their partial opposition to the Magistrate's Report and Recommendation on January 20, 2004 (Docket No. 176). Plaintiffs' oppose the Magis-

---

**1.** The factual background has been obtained from the Magistrate Judge's Report and Recommendation.

trate–Judge's Report and Recommendation as it pertains to plaintiffs Griselle Nazario Ortiz and Miguel A. Ruiz Sierra. In particular, plaintiffs oppose the Magistrate's finding that the trust positions held by these plaintiffs were ones for which political affiliation is an appropriate requirement. To support their position, plaintiffs contend that the Consortium is an entity that operates under WIA and is thus heavily regulated and monitored by the United States Department of Labor. Therefore, because the Consortium's goals and their implementation are regulated by the federal government, there is little leeway for public policy considerations that may be affected by political affiliation. In addition, plaintiffs' contend that since WIA expressly prohibits discrimination on the basis of political affiliation, that political affiliations in turn may not be a consideration in terms of employment. This Court disagrees with plaintiffs' interpretation of the nature of the decision-making that may be undertaken by the Consortium. It is evident that, under WIA, there is still ample room for the Consortium to make decisions that may rely on public policy considerations affected by political affiliation. Under plaintiffs' logic, all entities or organizations that were subject to compliance with federal regulations or supervision by the federal government would immediately cease to have any control over public policy considerations; this is certainly not the case. In addition, it seems facetious to argue that the prohibition of discrimination on the basis of political belief precludes any type of consideration of political affiliation when making trust position appointments in an entity that is involved in public policy making.

Finally, this Court takes exception to the following language in plaintiffs' opposition: "*It would be asinine* thus to state on the one hand that discrimination on the basis of political belief is totally proscribed by WIA, while adducing on the other that there are positions in a consortium operating under WIA for which political affiliation is an appropriate requirement." (Emphasis ours.) While plaintiffs may certainly object to or disagree with the Magistrate's or this Court's interpretation, language of this nature is insulting and unnecessary, and certainly has no place in this Court. Therefore, plaintiffs' are admonished that further statements of this type will not be looked upon kindly by this Court and may result in sanctions.

B. Defendants' objections

■ Defendants filed their objections to the Magistrate's Report and Recommendation on January 28, 2004 (Docket No. 178). Defendants' first argument is that plaintiffs' opposition to their motion for summary judgment did not comply with L.Cv.R. 56.[2] Upon examination of plaintiffs response (Docket No. 169), this Court finds defendants' argument to be unfounded. Defendants further objections to the Magistrate's report are contained in a list of eleven (11) brief objections, that are slightly over one page. Of these, only one addresses a substantive issue, that of whether or not qualified immunity is foreclosed because of the factual circumstances of this case. Defendants' argument, however, consists of a brief statement and a reference to a Supreme Court case, without any elaboration. Upon consideration of defendants arguments as to qualified immunity and of the factual allegations in this case, this Court agrees with the Magistrate–Judge's assertion that, due to the factual disputes regarding possible dis-

**2.** Defendants refer to Local Rule 311.12, replaced by Rule 56 upon the adoption of the new Local Rules on September 29, 2003.

crimination based on political animus, summary judgment based on a qualified immunity defense may not be granted at this time.

The remaining objections by defendants hinge on the factual conclusions arrived at by the Magistrate–Judge. In essence, defendants' factual objections simply restate the arguments that the Magistrate–Judge already considered. Under this premise, they cannot expect the Court to treat the filing seriously. In their brief objection, - for the most part consisting of a list of factual conclusions plaintiffs disagree with the Magistrate's factual findings but offer nothing to bolster their objections except their own interpretation of the evidence. In addition, plaintiffs do not offer any new substantive arguments in favor of their position.

The Court's review of the record leads it to concur with Magistrate–Judge Gelpí's conclusion that plaintiffs, with the exception of Griselle Nazario Ortiz and Miguel A. Ruiz Sierra (First Amendment claim only), have met their burden of proof to establish a *prima facie* case of political discrimination.

### Conclusion

For the foregoing reasons, the Court **ADOPTS** Magistrate–Judge Gustavo A. Gelpí's Report and Recommendation and **DENIES** in part and **GRANTS** in part defendant's motion for summary judgment. Summary judgment is hereby **DENIED** with regards to the following plaintiffs: Erick M. Caraballo Seda, Lourdes Velázquez Irizarry, María E. Feliberty Rodríguez, Magdalena Torres Pabón, Lynda Soto Laracuente, Solyvette Martínez Rodríguez, Nereida Santos Morales, Jackeline Cintrón Pagán, Leida E. Almodóvar Millán, Gianna Falleti Ramírez, Aissa J. Vega Albino, Neftalí Sepúlveda Orengo, Daviannie García Hernández, Bethzaida Rosado, and Miguel A. Ruiz Sierra (Due Process claim only). Summary judgment is also **DENIED** with regards to defendants' claim of qualified immunity. Summary judgment is hereby **GRANTED** with regards to Griselle Nazario Ortiz and Miguel A. Ruiz Sierra (First Amendment claim only). Judgment shall issue accordingly, and the case shall be rescheduled for trial.

IT IS SO ORDERED.