# United States Court of Appeals

## For the First Circuit

No. 03-2568

ERICK CARABALLO-SEDA, ET AL.,
Plaintiffs, Appellees,

v.

MUNICIPALITY OF HORMIGUEROS, ET AL.,
Defendants, Appellants.

---

No. 03-2569

EDNA S. DELGADO-GREO, ET AL.,
Plaintiffs, Appellees,

v.

MARCELO TRUJILLO, ET AL.,
Defendants, Appellants.

---

APPEALS FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO
[Hon. Jay A. García-Gregory, U.S. District Judge]

---

Before

Torruella, Lipez, and Howard,
Circuit Judges.

---

Gina Ismalia Gutiérrez-Galang, with whom Law Offices of
Pedro E. Ortiz-Álvarez, PSC, was on brief, for appellants.
Pablo R. Landrau-Pirazzi, with whom Aldarondo & López-Bras,
was on brief, for appellees.

---

January 12, 2005

---

**TORRUELLA**, **Circuit Judge**. Defendants appeal from interlocutory judgments denying their motions to dismiss for lack of jurisdiction. The district court certified for interlocutory appeal, pursuant to 28 U.S.C. § 1292(b), the issue of whether the Workforce Investment Act ("WIA"), 29 U.S.C. §§ 2801-2945, requires plaintiffs to exhaust administrative remedies before bringing a claim under 42 U.S.C. § 1983 for violation of their First Amendment rights. Since we see no reason to depart from our general rule prohibiting interlocutory appeals from the denial of a motion to dismiss, we vacate the order allowing the interlocutory appeal as improvidently granted.

## I. Background

Defendants in this case are non-profit partnerships between neighboring municipalities in Puerto Rico; these partnerships -- or consortiums, as they are termed -- are overseen by the municipalities' mayors and administered by various executive officers, all of whom are also defendants. The consortiums operate under WIA, the purpose of which is "to provide workforce investment activities, through statewide and local workforce investment systems, that increase the employment, retention, and earnings of participants, and increase occupational skill attainment by participants, and, as a result, improve the quality of the workforce [and] reduce welfare dependency." 29 U.S.C. § 2811. The consortiums employ administrative staff ("plaintiffs") on a one-

year contract basis to provide services to WIA program beneficiaries.

As a result of the November 7, 2000 general election, the consortiums underwent a shift in political power, from the New Progressive Party ("NPP") to the Popular Democratic Party ("PDP"). Following these events, defendants discharged plaintiffs' contracts with the consortiums.

Plaintiffs subsequently sued under § 1983, the First and Fourteenth Amendments of the U.S. Constitution, and Puerto Rico law, alleging that political discrimination spurred these personnel decisions. Defendants moved to dismiss for lack of subject matter jurisdiction, arguing that WIA precludes § 1983 claims because WIA provides the exclusive administrative procedure for discrimination claims.

The court denied defendants' motions to dismiss, holding that Congress did not expressly or implicitly intend to foreclose § 1983 claims under WIA. Caraballo-Seda v. Rivera, 306 F. Supp. 2d 108 (D.P.R. 2004); see also Delgado-Greo v. Trujillo, 270 F. Supp. 2d 189 (D.P.R. 2003).[1] The court, however, granted defendants' motion for certification of interlocutory appeal pursuant to 28 U.S.C. § 1292(b) on this determination. The court's order stated

---

[1] Two other district courts in Puerto Rico arrived at similar holdings. See Borrero-Rodríguez v. Montalvo-Vázquez, 275 F. Supp. 2d 127 (D.P.R. 2003); Torres Ramos v. Consorcio de la Montaña, 286 F. Supp. 2d 126 (D.P.R. 2003).

that this issue "involves a question of law as to which there is substantial ground for difference of opinion," and that an immediate appeal "may materially advance the ultimate determination of the litigation."  This Court granted defendants' petition to hear the discretionary appeal on November 18, 2003, and for the reasons set forth below, we vacate that order.

## II.  **Analysis**

Interlocutory appeals under § 1292(b) require an order (1) "involv[ing] a controlling question of law," (2) "as to which there is substantial ground for difference of opinion," and (3) for which "an immediate appeal from the order may materially advance the ultimate termination of the litigation."  28 U.S.C. § 1292(b). We have repeatedly emphasized that "interlocutory certification under 28 U.S.C. § 1292(b) should be used sparingly and only in exceptional circumstances, and where the proposed intermediate appeal presents one or more difficult and pivotal questions of law not settled by controlling authority."  Palandjian v. Pahlavi, 782 F.2d 313, 314 (1st Cir. 1986) (quoting McGillicuddy v. Clements, 746 F.2d 76 n.1 (1st Cir. 1984) (citing In re Heddendorf, 263 F.2d 887, 888-89 (1st Cir. 1959))).

As a general rule, we do not grant interlocutory appeals from a denial of a motion to dismiss. McGillicuddy, 746 F.2d at 76 n.1.  In McGillicuddy, a case involving a denial of a motion to dismiss a multi-count complaint, we held that the district court

-4-

should not have considered the interlocutory appeal in the first place: "[w]e would not normally allow an appeal from a denial of a motion to dismiss, and, with the benefit of hindsight, we admit our error in doing so in this case." Id. This reflects our policy preference against piecemeal litigation, see Heddendorf, 263 F.2d at 889, as well as prudential concerns about mootness, ripeness, and lengthy appellate proceedings. Thus, the "fact that appreciable trial time may be saved is not determinative," Palandjian, 782 F.2d at 314, and neither is the fact that the case has "tremendous implications" or "might materially advance the ultimate termination of the litigation," Slade v. Shearson, Hammill & Co., Inc., 517 F.2d 398, 400 (2d Cir. 1974).

In the instant case, we see no reason to depart from our general rule prohibiting interlocutory appeals from the denial of a motion to dismiss. Although the issue of whether WIA expressly or implicitly forecloses § 1983 suits is a "controlling question of law," it has not met the other two factors of § 1292(b). The fact that two other district courts in Puerto Rico have arrived at a similar holding regarding WIA's non-preclusive effect on § 1983 claims, see Borrero-Rodríguez v. Montalvo-Vázquez, 275 F. Supp. 2d 127 (D.P.R. 2003); Torres Ramos v. Consorcio de la Montaña, 286 F. Supp. 2d 126 (D.P.R. 2003), supports a finding that no "substantial ground for difference of opinion" exists. 28 U.S.C. § 1292(b). Moreover, since the rest of the claims based on the same underlying

facts have proceeded in the district court, the interlocutory appeal on the WIA issue does not "materially advance the ultimate termination of the litigation."  <u>Id.</u>  Finally, we emphasize that interlocutory appeals are granted at our "discretion," <u>id.</u> ("The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its <u>discretion</u>, permit an appeal to be taken from such order") (emphasis added), and "with the benefit of hindsight, we admit our error in doing so in this case," <u>cf.</u> <u>McGillicuddy</u>, 746 F.2d at 76, n.1.

Thus, we vacate the initial order granting the interlocutory appeal as improvidently granted, and remand the issue to the district court for adjudication.

**<u>Vacated and Remanded</u>**.