Kirk DAHL, et al., Individually and on Behalf of All Others Similarly Situated, Plaintiffs

v.

BAIN CAPITAL PARTNERS, LLC, et al., Defendants.

Civil Action No. 07–12388–EFH.

United States District Court, D. Massachusetts.

Feb. 12, 2009.

George C. Aguilar, Brian J. Robbins, Robbins Umeda LLP, Kristen M. Anderson, Christopher M. Burke, Hal Cunningham, Arthur L. Shingler, III, Scott & Scott LLP, Mary K. Blasy, Elisa-

beth A. Bowman, David W. Mitchell, Samantha A. Smith, Coughlin Stoia Geller Rudman & Robbins, San Diego, CA, W. Joseph Bruckner, Richard A. Lockridge, Charles N. Nauen, Karen H. Riebel, Lockridge Grindal Nauen P.L.L.P., Thomas B. Hatch, Stacey Slaughter, Robins, Kaplan, Miller & Ciresi L.L.P., Minneapolis, MN, Lisa A. Furnald, David E. Marder, Meghan E. Walt, Robins, Kaplan, Miller & Ciresi LLP, Boston, MA, Jayne A. Goldstein, Shepherd, Finkelman, Miller & Shah, LLP, Weston, FL, Paul Greico, Jack Landskroner, Landskroner Grieco Madden, Ltd., Cleveland, OH, Tyler W. Hudson, Wagstaff & Cartmell LLP, Kansas City, MO, Mark Reinhardt, Reinhardt Wendorf & Blanchfield, St. Paul, MN, David R. Scott, Scott & Scott LLP, Colchester, CT, J. Gerard Stranch, IV, Branstetter, Stranch & Jennings, PLLC, Nashville, TN, Harry P. Susman, Susman Godfrey LLP, Houston, TX, for Plaintiffs.

Carrie M. Anderson, James C. Egan, Jr., Steven A. Newborn, John E. Scribner, Weil, Gotshal & Manges LLP, William J. Baer, John A. Freedman, Sarah A. Friedman, Franklin R. Liss, Arnold & Porter LLP, Hillary C. Mintz, Reynelle Brown, Peter C. Thomas, Simpson Thacher & Bartlett LLP, Bernard A, Nigro, Jr., Willkie Farr & Gallagher LLP, Richard Parker, O'Melveny & Myers, LLP, R. Hewitt Pate, Ryan Shores, Hunton & Williams LLP, Craig S. Primis, Kirkland & Ellis LLP, Amanda Reeves, William Sherman, Latham & Watkins LLP, Washington, DC, James C. Burling, Wyley S. Proctor, Wilmer Hale LLP, James R. Carroll, Kurt W. Hemr, Skadden, Arps, Slate, Meagher & Flom LLP, Courtney Amber Clark, James W. Matthews, Robert J. Muldoon, Jr., Sherin & Lodgen LLP, John D. Donovan, Jr., Ropes & Gray LLP, Thomas C. Frongillo, Weil, Gotshal & Manges LLP, John D. Hanify, Michael Thomas Marcucci, Hanify & King, P.C., Jonathan L. Kotlier, Ian D. Roffman, Nutter, McClennen & Fish, LLP, Meredith M. Leary, Kevin M. McGinty, Steven J. Torres, Mintz, Levin, Cohn, Ferris, Glovsky & Popeo, PC, Boston, MA, Wayne Dale Collins, Jerome S. Fortinsky, Kenneth M. Kramer, Daniel M. Segal, Shearman & Sterling LLP, Kenneth Conboy, Latham & Watkins, Gandolfo V. Diblasi, Julia M. Guaragna, Austin F. McCullough, Sullivan & Cromwell LLP, Douglas H. Flaum, Peter S. Guryan, Fried, Frank, Harris, Shriver & Jacobson LLP, Paul C. Gluckow, Ryan A. Kane, Joseph F. Tringali, Simpson, Thacher & Bartlett LLP, Eric S. Hochstadt, Helene D. Jaffe, Fiona Schaeffer, Weil Gotshal & Manges LLP, Roger Netzer, William H. Rooney, Raymond M. Sarola, Willkie Farr & Gallagher LLP, Wesley R. Powell, Hunton & Williams LLP, Jonathan Rosenberg, Abby F. Rudzin, O'Melveny & Myers, LLP, Arun S. Subramanian, Susman Godfrey L.L.P., New York, NY, Dane A. Drobny, Michael P. Mayer, Winston and Strawn LLP, James H. Mutchnik, Kirkland & Ellis LLP, Chicago, IL, H. Lee Godfrey, Erica W. Harris, Harry P. Susman, Susman Godfrey LLP, Houston, TX, for Defendants.

### MEMORANDUM AND ORDER

HARRINGTON, Senior District Judge.

Defendants' Motion to Certify Order for Interlocutory Appeal (Docket No. 162) is denied.

The defendants seek to certify for interlocutory appeal this court's Memorandum and Order denying their motion to dismiss, dated December 15, 2008. *Dahl v. Bain Capital Partners, LLC,* 589 F.Supp.2d 112 (D.Mass.2008). Interlocutory appeal sends a case to the Court of Appeals before the district court has made a final ruling on the matter, thus suspending the usual

course of litigation. This circuit, therefore, highly disfavors this measure, especially as to motions to dismiss. *Caraballo–Seda v. Municipality of Hormigueros*, 395 F.3d 7, 9 (1st Cir.2005). The district court shall certify an order for interlocutory appeal that (a) involves a controlling question of law; (b) as to which there is substantial ground for difference of opinion; and (c) where an immediate appeal from the order may materially advance the ultimate termination of the litigation. 28 U.S.C. § 1292(b) (2006).

Here, the court's ruling rests on prong (b). Prongs (a) and (c) are clearly satisfied. The Memorandum and Order dealt with two specific issues: pre-emption and the sufficiency of the plaintiffs' pleadings. Both of these issues are questions of law, thus satisfying prong (a). Meanwhile, prong (c) is met as this court's Memorandum and Order related to a motion to dismiss. An appeals court decision could dismiss this matter, which would "materially advance the ultimate termination of the litigation" under prong (c).

Prong (b) focuses on whether there are substantial grounds for difference of opinion on the question of law at issue. The court rules that no such substantial grounds for difference of opinion exist here. This ruling applies to both elements of the defendants' motion to dismiss, the so-called *Billing* and *Twombly* elements. *Credit Suisse Sec. (USA) LLC v. Billing*, 551 U.S. 264, 127 S.Ct. 2383, 168 L.Ed.2d 145 (2007); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). First, under *Billing*, preemption is proper where the SEC substantially regulates the activities in question. *See Billing*, 127 S.Ct. at 2392–93. The private nature of the transactions in the instant suit contrasts with the "public" nature of the transactions in *Billing*. *Id.* No regulatory regime oversees the activities in question here; by design, the transactions avoid any governmental oversight. Therefore, given that no governmental regime operates here, pre-emption is not possible. Pre-emption's clear inapplicability means opinions could not differ as to this issue and this court cannot certify its Memorandum and Order for interlocutory appeal based on *Billing*.

Second, applying *Twombly* also demonstrates that no substantial grounds for difference of opinion can exist as to this court's Memorandum and Order. *Twombly* requires that an anti-trust complaint "plausibly suggest" illegal agreement in order to survive a motion to dismiss. *See Twombly*, 127 S.Ct. at 1966. Distinct from *Twombly*, the facts pled here "plausibly suggest" an illegal agreement. The plaintiffs' allegations contrast with the allegations of parallel conduct pled in *Twombly*. *Id.* at 1970. Instead, the plaintiffs' allegations plausibly suggest illegal agreements between the defendants pertaining to the nine (9) specifically pled transactions. Therefore, here too, the court cannot certify its Memorandum and Order for interlocutory appeal. Opinions cannot differ that the pleadings satisfy *Twombly*, leaving prong (b) of the standard for interlocutory appeal certification unsatisfied.

In sum, the court rules that the defendants' motion to certify this court's Memorandum and Order for interlocutory appeal involves a controlling question of law. The defendants' motion may materially advance the ultimate termination of this litigation, but no substantial grounds for a difference of opinion exist as to the law's meaning because the Supreme Court has clearly spoken in *Billing* and *Twombly*. Therefore, the court's Memorandum and Order on the defendants' motion to dismiss cannot be certified for interlocutory appeal.

Defendants' Motion to Certify Order for Interlocutory Appeal (Docket No. 162) is DENIED.

SO ORDERED.