UNITED STATES of America,
Plaintiff,

v.

Jean C. RIVERA–MERCADO
Defendant.

Criminal No. 08–204(DRD).

United States District Court,
D. Puerto Rico.

Jan. 14, 2010.

Jose Capo–Iriarte, United States Attorneys' Office, Hato Rey, PR, Myriam Y. Fernandez–Gonzalez, United States Attorneys Office, District of Puerto Rico, San Juan, PR, for Plaintiff.

Luis M. Chaves–Ghigliotty, Chaves Ghigliotty Law Office, Cabo Rojo, PR, for Defendant.

## ORDER DENYING CERTIFICATION OF INTERLOCUTORY APPEAL UNDER 28 USC 1292

DANIEL R. DOMÍNGUEZ, District Judge.

Defendant, Jean C. Rivera–Mercado [27], has requested the court to certify to the Circuit Court the legal issue surrounding the Magistrate Judge's Report and Recommendation at Docket 1815 and the District Court's Order at Docket 2760, adopting the Magistrate Judge's Report and Recommendation. Defendant challenged the adequacy of the evidence presented to the Grand Jury to determine probable cause relating to a conspiracy narcotic violation count, several substantive narcotic violation counts, and a conspiracy weapons count in relating to a drug trafficking violation.

The principal issue is that the defendant having been advanced Jenks material prior to trial as to witness who testified at the Grand Jury and will testify at trial and having obtained Rule 16 discovery, and further having received the courtesy of F.B.I. 302 documents, alleges that there is no evidence sufficient to justify probable cause to indict as to a weapons conspiracy as well as to the substantive and conspiratorial narcotic violations. Consequently, co-defendant Rivera–Mercado filed a Motion to Dismiss the indictment. Defendant alleges a "grave doubt" as to sufficiency of evidence as to all counts and elevates the averment to the level of a breach of the "integrity of the Grand Jury." Defendant further states that the defendant is not being prosecuted on "the basis of the facts presented to the Grand Jury" citing *United States v. Rosi*, 27 F.3d 409, 414 (9th Cir.1994). Finally, the defendant alleges

violation of the Fifth Amendment due process clause of the Constitution.

The court first notes that nowhere in the motion plaintiff asserts that the evidence mentioned in the motion constitutes the entire evidence presented to the Grand Jury. The fact that there may have been confusion by one witness as to the identification of co-defendant Rivera–Mercado does not mean that others may have not cured the alleged defect. These witnesses do not necessarily have to now appear at trial as witnesses as there is no obligation on the part of the USA to use the exact witnesses used at the Grand Jury. Further, co-defendant received F.B.I. Form 302's which may be hearsay evidence admissible at Grand Jury proceedings. See *Costello v. United States,* 350 U.S. 359, 363–364, 76 S.Ct. 406, 100 L.Ed. 397 (1956) (wherein the United States used **only** hearsay evidence and the evidence was determined sufficient). (See analysis infra.) Hence, the co-defendant's proffer based on Jenks material and/or Rule 16 discovery and/or F.B.I. forms 302, does not necessarily mean that the evidence in defendant's possession at this time constitutes the entire evidence of the case presented to the Grand Jury to properly determine the inadequacy of evidence. There may be new witnesses to testify to substitute hearsay evidence and the United States is not obligated to use the exact witnesses presented at the Grand Jury, there being then no Jenks material to produce as they did not testify at the Grand Jury.

Further, evidence of F.B.I. 302 documents which may be inadmissible hearsay may now be substituted by live new testimonial evidence not in the nature of hearsay and no Jenks would be supplied as the witness did not testify at the Grand Jury.

■ Notwithstanding there are strong precedents for the court not to grant the requested certification. The

matter at hand fails to constitute an issue of "controlling question of law" involving "substantial ground for difference of opinion," which would "advance the ultimate termination of litigation." *Caraballo–Seda v. Municipality of Hormigueros,* 395 F.3d 7, 9 (1st Cir.2005) (citing 28 U.S.C. 1292(b)). Further, the case of *Costello v. United States,* supra, clearly establishes that the matter to the adequacy of evidence is not sufficient at law to question the probable cause finding to indict by the grand jury. Moreover, the court finds that defendant suffers "no prejudice" as the court may cure the lack of evidence as to the elements of the crime (including properly identifying the defendant) as the district court may grant eventual dismissal under Fed. R. Cri. P. 29. *Bank of Nova Scotia v. United States,* 487 U.S. 250, 254, 108 S.Ct. 2369, 101 L.Ed.2d 228 (1988) (requiring that "errors in grand jury proceedings … prejudice the defendants.")

■ Finally, on the merits as to a Grand Jury determination of probable cause, the Magistrate Judge correctly emphasizes that the supervisory powers of the District Court relating to errors occurring at the Grand Jury is not to be taken lightly, even to enforce better prosecutorial practice, but said authority "must be used sparingly." *United States v. Santana,* 6 F.3d 1, 10 (1st Cir.1993); *United States v. Osorio,* 929 F.2d 753, 763 (1st Cir.1991). The remedy of a dismissal from a grand jury indictment, even for prosecutorial misconduct, constitutes a "potent elixir [that] should not be casually dispensed." *United States v. Lieberman,* 608 F.2d 889, 899 (1st Cir.1979) cert. denied 444 U.S. 1019, 100 S.Ct. 673, 62 L.Ed.2d 649 (1980).

■ Therefore, the district court undoubtedly has the supervisory power to examine prosecutorial practice before the Grand Jury and should not shun its re-

sponsibility, but such powers should be "used sparingly." *United States v. Santana*, 6 F.3d at 10.

On the other hand, district courts should not be examining grand jury determinations merely because "inadequate or incompetent evidence" was used. *United States v. Calandra*, 414 U.S. 338, 345, 94 S.Ct. 613, 38 L.Ed.2d 561 (1974) (citing *Costello v. United States*, 350 U.S. 359, 362, 76 S.Ct. 406, 100 L.Ed. 397 (1956)). The practice of testing the sufficiency of the evidence before the Grand Jury is not a favored practice as it leads to prolonged mini trials which merely replicate the trial. Furthermore, there is a strong policy of "not granting interlocutory appeals from a denial of a motion to dismiss." *Caraballo–Seda v. Municipality of Hormigueros*, 395 F.3d 7, 9 (1st Cir.2005), citing *McGillicuddy v. Clements*, 746 F.2d 76 N. 1 (1st Cir.1984) (a criminal case wherein a motion to dismiss was filed and the court confessed error in accepting the interlocutory appeal as there was sufficient "controlling authority".) Moreover, errors by the Grand Jury as to inadequacy of the evidence can be cured by the petit jurors who are required to determine conviction not by mere "probable cause" but by the stringent standard of "beyond a reasonable doubt standard." *Costello v. United States*, 350 U.S. at 363–364, 76 S.Ct. 406:

> "... here **all the evidence before the grand jury was in the nature of hearsay.** If the indictments were to be open to challenge on the ground that there was **inadequate or incompetent** evidence before the grand jury, the resulting delay would be great indeed. The result of such a rule would be that before trial on the merits a defendant could always insist on a kind of preliminary trial to determine the **competency and adequacy** before **the grand jury.** This is not required by the Fifth Amendment. An indictment returned by a legally constituted and unbiased grand jury ... if valid on its face, is enough to call for trial of the charge on the merits." (Emphasis supplied.)

There is thus "controlling authority" under *McGillicuddy v. Clements*, 746 F.2d 76 Fn. 1, barring the issuance of certification by the district court. See also *United States v. Mechanik*, 475 U.S. 66, 72, 106 S.Ct. 938, 89 L.Ed.2d 50 (1986) (applying Federal Rule of Criminal Procedure 52(a) of "prejudice" or "harmless error" to alleged errors "in the grand jury".)

Hence, co-defendant Jean C. Rivera–Mercado is undoubtedly barred from challenging "the adequacy" of the evidence by Supreme Court precedent, *Costello v. United States, Id.*, camouflaged by an alleged insufficiency in the proof presented to the Grand Jury, as co-defendant Rivera–Mercado is currently averring to the district court.

The court, therefore, **DENIES** the request for a Certification to the Court of Appeals of the First Circuit Court.

**IT IS SO ORDERED.**