Hernan **MATAMOROS**, Sharon Sam Chan, and Kate Petersen, on behalf of themselves and all others similarly situated, Plaintiffs,

v.

**STARBUCKS CORPORATION**, Defendant.

Civil Action No. 08–10772–NMG.

United States District Court, D. Massachusetts.

May 27, 2011.

Kate Petersen, pro se.

Jessica W.P. D'Arrigo, Akin, Gump, Strauss, Hauer & Feld LLP, N.W. Washington, DC, Daniel L. Nash, Nathan J. Oleson, Kelly M. Scindian, Akin, Gump, Strauss, Hauer & Feld LLP, Washington, DC, Elianna J. Nuzum, James Rehnquist, Robert M. Hale, Goodwin Procter LLP, Boston, MA, Gregory W. Knopp, Akin, Gump, Strauss Hauer & Feld LLP, Los Angeles, CA, for Defendant.

## ORDER

GORTON, District Judge.

Defendant Starbucks Corporation ("Starbucks") moves to certify as an appealable interlocutory order this Court's Memorandum & Order dated March 18, 2011, 2011 WL 1002740 ("the March M & O"), which held that defendant had violated the Massachusetts Tips Law, Mass. Gen. Laws ch. 149, § 152A.

Pursuant to 28 U.S.C. § 1292(b), this Court may certify an interlocutory order

for appeal where 1) the order "involves a controlling question of law as to which there is substantial ground for difference of opinion" and 2) an immediate appeal "may materially advance the ultimate termination of the litigation".

 Having considered the memoranda submitted on behalf of both parties, this Court, in its discretion, determines that certification is unwarranted here because, *inter alia,* the only remaining issue to be decided by this Court is damages. Moreover, certification "should be used sparingly and only in exceptional circumstances," *McGillicuddy v. Clements,* 746 F.2d 76, 77 n. 1 (1st Cir.1984) (citation omitted), and such appeals "are, accordingly, hen's-teeth rare." *Camacho v. P.R. Ports Auth.,* 369 F.3d 570, 573 (1st Cir.2004). Such dire circumstances are not present here.

Defendant's motion to certify the March M & O as an appealable interlocutory order (Docket No. 58) is, therefore, **DENIED.**

**So ordered.**